**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN T. LANGSTON,<br>Plaintiff,<br>v.<br>CAMDEN COUNTY JAIL,<br>Defendant. | Civil Action No. 26-6617 (JXN)(JSA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Brian T. Langston's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court previously administratively terminated this matter based on Plaintiff's failure to submit an application to proceed *in forma pauperis* ("IFP") or pay the required filing fee. (ECF No. 4.) Plaintiff has now submitted an IFP application. (ECF No. 5.) The Court **grants** Plaintiff's IFP Application and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's Complaint is **dismissed** for failure to state a claim on which relief may be granted.

## I. BACKGROUND[1]

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

Plaintiff is an inmate at Camden County Correctional Facility. (ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Camden County Correctional Facility ("CCCF")[2]. (*See generally id.*)

In the Complaint, Plaintiff argues only that he believes CCCF staff retaliated against him "because there are no grievances in [his] account now." (*Id.* at 1.) Plaintiff claims CCCF is "crooked." (*Id.*) Plaintiff fails to make any specific allegations or name any individual defendants. (*See id.*)

Plaintiff fails to state what relief he is seeking.[3]

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion

---

[2] Plaintiff refers to Camden County Correctional Facility as Camden County Jail. (ECF No. 1 at 1.)

[3] Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Since a complaint must, at a minimum, contain a prayer for relief, it follows that this Complaint, which does not state the relief sought by Plaintiff, fails as a matter of law.

to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

In the Complaint, Plaintiff submits that he brings his Complaint against CCCF because he believes "staff" retaliated against him. (ECF No. 1.) The Court construes the Complaint as arguing Defendant is liable to him under 42 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

**A. Failure to State a Claim**

The Complaint names only CCCF as a defendant and appears to allege a retaliation claim. (*See generally* ECF No. 1.) CCCF, as a county jail, is not a "person" amenable to suit under § 1983. *See Crawford v. McMillian*, 660 F. App'x. 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *see also*, *e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases). Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. Accordingly, the Court dismisses the claims against CCCF with prejudice.

**B. Piecemeal Amendments**

Attached to his IFP application, Plaintiff submitted several pages that appear to be letters written on July 7 and 11, 2026, alleging that CCCF tampered with his mail. (*See* ECF No. 5 at 5-12.) On August 7, 2026, Plaintiff filed a letter alleging that CCCF failed to respond to his

grievances in violation of the Inmate Handbook. (*See* ECF No. 6.) It is unclear if Plaintiff intended these letters to serve as an amended complaint. However, Plaintiff failed to file a single, all-inclusive amended complaint; instead, he appears to supplement his original complaint with additional letters. The Court will not permit Plaintiff to add to his original complaint in this piecemeal fashion, as such submissions do not comply with Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings. To the extent Plaintiff seeks to amend his Complaint and would like the Court to consider additional facts in support of his claims, he may submit one all-inclusive amended complaint which contains all claims and supporting facts he would like to raise before this Court for filing within thirty (30) days of his receipt of this Order.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed IFP (ECF No. 5) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

**DATED**: 10/23/2026

**JULIEN XAVIER NEALS**
United States District Judge